AMERICAN BUYERS CLUB OF MT. VERNON, ILLINOIS, INC., Plaintiff-Appellant, *v.* TEDDY GARY HAYES *et al.*, Defendants-Appellees.

Fifth District   No. 76-385

Opinion filed March 10, 1977.

G. MORAN, J., specially concurring.

William E. Aulgur, of Eldorado, for appellant.

No brief filed for appellees.

Mr. JUSTICE JONES delivered the opinion of the court:

Plaintiff, American Buyers Club of Mt. Vernon, Inc., an Illinois Corporation, filed suit against defendants, Teddy G. Hayes and Glenda J. Hayes, husband and wife, to recover on a promissory note. The court, sitting without a jury, found for the defendants and the plaintiff appeals.

The complaint asked for $619.40, the major portion of which, $456, represented the balance due on the promissory note, plus court costs and attorney's fees. The note was executed as payment for a noncancellable "lifetime membership" in plaintiff's club. In addition to the promissory note for $456, to be paid in monthly installments of $19, the defendants paid an "initiation fee" of $39.50, and executed a "Member Benefit

Agreement." The benefit which the club offers to members is the asserted opportunity to purchase furniture, appliances and carpet at substantial savings over the usual retail price. For example, the "Member Benefit Agreement" claims that members can save 10% to 50% over usual retail prices on appliances.

Mr. Hayes testified at trial that he made four monthly installment payments but then became dissatisfied and informed the club that he did not want to continue as a member. He testified that he had compared the price charged by Sears and the price charged by the club on a baby bed and found that the club's price was higher. He also testified about prices on a lawn mower, but this testimony was so confused as to be unintelligible. He further testified that he had assumed, from the language used in the "Member Benefit Agreement," that samples of the merchandise would be available at the club and that had he known that only catalogs were available from which to order he would not have joined.

The president of the club testified that he could not compare club and other retail prices on the items about which Mr. Hayes testified without the manufacturer's name and model number. The major portion of his testimony was concerned with establishing the existence of the contract and a description of the manner in which the club operated. He made no reply to Mr. Hayes' testimony concerning the presence of catalogs as opposed to samples.

■■ In reaching a decision in this case we have adopted the reasoning set forth in the recent case of *American Buyers Club v. Honecker*, 46 Ill. App. 3d 252. In that case we attempted to interpret and implement the principles of and the philosophy underlying the Consumer Fraud and Deceptive Business Practices Act (Ill. Rev. Stat. 1975, ch. 121½, pars. 261-272) and the Uniform Deceptive Trade Practices Act (Ill. Rev. Stat. 1975, ch. 121½, pars. 311-317). We outlined there the judicial expansion of the application of these acts and the subsequent legislative approval of this expansion and we need not repeat it here. It would be appropriate, however, to once again state that we are of the opinion that there is a clear mandate from the legislature to the courts of this State to utilize to the utmost degree the Consumer Fraud Act to eradicate all forms of deceptive and unfair business practices and to grant appropriate remedies to defrauded consumers.

The Consumer Fraud Act, in its enumeration of proscribed, unlawful practices, incorporates those described in section 2 (par. 312) of the Uniform Deceptive Trade Practices Act. We believe the following sections of that Act are applicable in the case at bar:

> "A person engages in a deceptive trade practice when, in the course of his business, vocation, or occupation, he:

(12) engages in any other conduct which * * * creates a likelihood of confusion or of misunderstanding." (Ill. Rev. Stat. 1975, ch. 121½, par. 312(12).)

We derive support for our view from the notes accompaning subsection 12 in Ill. Ann. Stat., ch. 121½, par. 312(12), Illinois Notes (Smith-Hurd Supp. 1976-77) which state:

"This important provision will allow the courts to expand the coverage of the act to include new forms of deceptive conduct which might arise in the future. In the absence of such a provision, the enumerated deceptive practices (subsections (1)-(11) of section 312) might be avoided and the objectives of the act thwarted. Under this section, courts are free to enjoin any conduct which creates a likelihood of confusion or of misunderstanding, even though the conduct in question is not explicitly covered by the other sections of the act."

■■ We note, as we did in *Honecker*, that the intention of the seller, that is, his good or bad faith, is not important. The decisive factor is, rather, the effect which the seller's conduct might have had upon the consumer. Was he misled into purchasing that which he did not intend to purchase? That, it appears to us, is what happened in the instant case. The conduct of the plaintiff in wording the "Member Benefit Agreement" could have easily led the defendant into the misunderstanding that he could order from samples of merchandise rather than from a picture in a catalog. The type of operation run by the plaintiff is new and unfamiliar to consumers. The fact that members have only catalogs from which to choose merchandise is perhaps hinted at in the use of the word "order" but this fact is by no means clearly stated. There was certainly a danger that the wording of the agreement would create a likelihood of confusion or misunderstanding.

A court may, according to section 10a of the Act, award damages or any other relief deemed proper. Ill. Rev. Stat. 1975, ch. 121½, par. 270a.

The judgment of the circuit court is affirmed.

Affirmed.

CARTER, P. J., concurs.

Mr. JUSTICE GEORGE J. MORAN, specially concurring:

I concur with the majority in this case for the reasons stated and for those noted in my specially concurring opinion in *American Buyers Club v. Honecker*, 46 Ill. App. 3d 252.